# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL MCGOWAN, )
                                    )
             Plaintiff, )
                                    )
vs. ) CIVIL NO. 09-cv-017-DRH
                                    )
DONALD HULICK, et al., )
                                    )
             Defendants. )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Michael McGowan, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**FACTS ALLEGED**

McGowan began experiencing a toothache in November 2006. By January 2007, the pain had become so great that McGowan requested the care of a dentist. On January 30, 2007, McGowan was sent to Defendant Gardner, a dentist in the prison. McGowan requested a filling for the tooth, but was told by Gardner that the prison did not provide fillings, and that the tooth would have to be extracted. McGowan reluctantly agreed to allow Gardner to extract the tooth. While attempting to pull the tooth, it shattered so that Gardner had to use dental tools to remove the splinters from the gums. McGowan remained in pain throughout the procedure due to an inadequate amount of numbing medication, and the pain continued after the extraction was complete.

On February 28, 2007, the tissue surrounding the area where the tooth had been extracted had swollen to the point that the tissue broke through the stitches. McGowan was taken to Dr. Henderson, who performed emergency surgery by way of removing some of the infected tissue. McGowan began filing a long line of grievances detailing his pain and the inability to receive appropriate medication for treatment of that pain. Henderson saw McGowan on March 7 as a follow-up, and Henderson recommended that McGowan be seen by an oral surgeon.

By mid April an appointment with an oral surgeon was scheduled for McGowan by Chapman, but was later cancelled. McGowan filed two more grievances as a result of the cancellation, and made requests to see any available oral surgeon. On May 25, 2007, McGowan was taken to Dr. Gustave, a surgeon outside of the prison, who recommended that McGowan be taken to an Ear, Nose, and Throat specialist for treatment. McGowan was again denied pain medications.

On June 29, 2007, McGowan was taken to Dr. Thompson, an Ear, Nose, and Throat specialist outside of the prison. McGowan was informed that both surgery and a cat-scan would be

necessary, both of which were approved by Defendant Feinerman. By August 3, Thompson had performed the surgery on McGowan, and on August 28, the prison brought McGowan back to have the packing from the surgery removed. McGowan was again taken to Thompson for another follow-up appointment on October 11, when it was determined that a second surgery would be necessary to close the wound which had not healed on its own. This surgery was performed November 2, 2007.

McGowan claims that by having his tooth extracted negligently by Gardner, he was placed in a serious medical situation, which was then ignored by Chapman, Feinerman, and Hulick. McGowan claims that Chapman specifically ignored Dr. Henderson's recommendations that McGowan be sent to an oral surgeon until the injury had compounded to the point that two surgeries were needed instead of one.

## DISCUSSION

### *Count 1 – Medical Malpractice*

McGowan first claims that Gardner's negligence was the proximate cause of his pain and suffering. McGowan claims that this medical negligence amounts to malpractice and violation of his constitutional right to be free from cruel and unusual punishment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

However, a complaint that alleges the negligence of a doctor in diagnosing or treating a condition does not state a valid claim under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." *Id.* at 106. Malpractice, or "negligence alone . . . is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

McGowan states that he preferred that the prison treat his toothache by providing him with a filling, but that Gardner insisted that the tooth needed to be extracted. McGowan then states that Gardner performed the extraction in a way that led to serious injury. A dentist such as Gardner should be expected to be able to perform a tooth extraction without injury, and his failure to do might amount to malpractice. Be that as it may, Gardner's alleged negligence in performing the tooth extraction does not rise to the level of deliberate indifference to McGowan's health and well being. Thus, McGowan has failed to state a viable constitutional claim, and this count will be dismissed with prejudice.

### *Count 2 – Medical Indifference*

McGowan next alleges that Hulick, Feinerman, and Chapman each showed deliberate indifference to his medical needs after the injury from the extraction was brought to their attention. McGowan specifically claims that Feinerman approved medical testing in July 2007, and that Chapman ignored Dr. Henderson's requests that McGowan be taken immediately to an oral surgeon. McGowan claims that only after a period extending beyond 60 days was McGowan approved to visit an oral surgeon. McGowan claims that these actions constitute deliberate indifference to his medical needs, in violation of his eighth amendment rights.

A deliberate indifference claim requires both an objectively serious risk of harm and a

deliberate indifference to serious medical needs." *Id.* at 106. Malpractice, or "negligence alone . . . is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

McGowan states that he preferred that the prison treat his toothache by providing him with a filling, but that Gardner insisted that the tooth needed to be extracted. McGowan then states that Gardner performed the extraction in a way that led to serious injury. A dentist such as Gardner should be expected to be able to perform a tooth extraction without injury, and his failure to do might amount to malpractice. Be that as it may, Gardner's alleged negligence in performing the tooth extraction does not rise to the level of deliberate indifference to McGowan's health and well being. Thus, McGowan has failed to state a viable constitutional claim, and this count will be dismissed with prejudice.

### *Count 2 – Medical Indifference*

McGowan next alleges that Hulick, Feinerman, and Chapman each showed deliberate indifference to his medical needs after the injury from the extraction was brought to their attention. McGowan specifically claims that Feinerman approved medical testing in July 2007, and that Chapman ignored Dr. Henderson's requests that McGowan be taken immediately to an oral surgeon. McGowan claims that only after a period extending beyond 60 days was McGowan approved to visit an oral surgeon. McGowan claims that these actions constitute deliberate indifference to his medical needs, in violation of his eighth amendment rights.

A deliberate indifference claim requires both an objectively serious risk of harm and a

subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). However, a court will not assume deliberate indifference where there have been isolated incidents of delay or a refusal to provide medical care. *Ambrose v. Puckett,* 198 F. App'x 537, 541 (7th Cir. 2006), *citing Walker v. Peters,* 233 F.3d 494, 501 (7th Cir. 2005).

McGowan claims that the failure by Hulick, Feinerman, and Chapman to act constituted a deliberate intent to keep McGowan from receiving the medical care he needed. However, in May 2007, McGowan was referred to an oral surgeon, and in June 2007, he was sent to an Ear, Nose, and Throat specialist after approval by both Feinerman and Chapman. Approval for these appointments negates his assertion that Hulick, Feinerman, and Chapman were deliberately indifferent to his medical needs. The Defendants were, it seems clear, attempting to get McGowan medical attention,

albeit a slow process. As stated, a delay in process does not constitute deliberate indifference, and McGowan has not alleged any actions that suggest that the defendants were acting to deliberately deprive McGowan of necessary medical care. Therefore, McGowan has failed to state a claim upon which relief may be granted.

## DISPOSITION

In summary, McGowan's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. McGowan is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 27, 2009.**

    /s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**