# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL McGOWAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-017-DRH |
| | ) |
| **DONALD HULICK, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Michael McGowan filed this action regarding dental care received at Menard. During a preliminary review, the Court determined that the complaint did not survive review under 28 U.S.C. § 1915A, and the action was dismissed. On appeal, the Seventh Circuit found that this Court was "too hasty" in dismissing the action as to Defendant Chapman; thus, the action was remanded for further proceedings with respect to Chapman.

### APPOINTMENT OF COUNSEL

Upon receipt of the Seventh Circuit's option, McGowan quickly filed a motion for appointment of counsel (Doc. 24). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first

step of the inquiry, McGowan indicates that he has made some attempt to retain counsel, albeit unsuccessfully.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago v. Walls*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, _ F.3d _, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case). Plaintiff's claim does not appear to be factually complex.. From a legal standpoint, the litigation of any constitutional claim could fall in the range of complex. Nevertheless, Plaintiff's complaint adequately articulates his claim. Defendants have not yet been served with process and, therefore, have not yet filed a reply or answer to the complaint. Future developments may change the Court's mind on whether counsel should be appointed or not. At this early stage and time, though, the Court concludes that Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel (Doc. 24) is **DENIED**, without prejudice.

## OTHER DEFENDANTS

As stated above, the Seventh Circuit remanded this action for further proceedings with respect only to Defendant Chapman. However, when the case was reopened, all four original Defendants were reinstated. Thus, the Court will again dismiss all Defendants but Chapman.

## DISPOSITION

**IT IS HEREBY ORDERED** that defendants **HULICK**, **FEINERMAN** and **GARDNER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **CHAPMAN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **CHAPMAN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party

informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 24, 2010.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**