IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL McGOWAN, )<br>   )<br>   Plaintiff, )<br>   )<br>v. )<br>   )<br>DR. CHAPMAN, )<br>   )<br>   Defendant. )<br>   )<br>   ) | Case No. 3:09-cv-17-DGW |

**ORDER**

Now pending before the Court is Plaintiff Michael McGowan's Motion to Strike Defendant's Disclosure of Witnesses to Testify Under Federal Rule of Evidence 702, 703, or 705 (Doc. 76). For the reasons set forth below this motion is **GRANTED**.

**BACKGROUND**

On June 1, 2011, the Court entered an amended scheduling order which set the close of discovery for September 30, 2011, and the dispositive motion deadline for October 14, 2011 (Doc. 60). The scheduling order specified that Defendant was to disclose expert reports by September 6, 2011. On August 10, 2011, the Court extended the deadline for the close of fact discovery until September 7, 2011, but did not alter the deadline for the close of all discovery, which remained set for September 30, 2011 (Doc. 70). On September 7, 2011, the parties jointly moved for an extension of time to complete expert discovery (Doc. 71), which the Court denied.

On October 12, 2011, the Defendant filed a Disclosure of Expert Witnesses (Doc. 74). Defendant named five doctors and one nurse who treated Plaintiff, and who would testify as both fact and expert witnesses. The disclosure indicated that none of the witnesses would file expert

reports. On October 18, 2011, Plaintiff moved to strike the disclosure (Doc. 76), arguing that the disclosure was untimely, improper, and prejudicial to Plaintiff. Plaintiff requested that the Court either strike the disclosure entirely or extend the schedule to give time for Plaintiff to disclose and depose opposing expert witnesses.

In response, Defendant argued that the witnesses were not required to provide written reports under the Federal Rules of Civil Procedure, the disclosures were timely because the Court did not set a deadline for disclosure of witnesses that were not required to produce reports, and the Plaintiff experienced no prejudice because he already deposed each of the designated experts as fact witnesses (Doc. 77).

## DISCUSSION

Fed. R. Civ. P. 26(a)(2)(D) requires the parties to make expert disclosures "at the times and in the sequence that the court orders." Where no court order controls, such disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. (a)(2)(D)(i). The rule differentiates between expert witnesses who must provide a written report and expert witnesses not required to file a written report. A report is required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The advisory committee notes the 1993 Amendments to Rule 26 explain:

> This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.

In the Seventh Circuit, a party is required to separately disclose expert witnesses, even treating physicians and nurses, if they will provide expert testimony. *Musser v. Gentiva Health*

*Services*, 356 F.3d 751, 757-58 (7th Cir. 2004). Furthermore, "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." *Meyers v. National Railroad Passenger Corp.*, 619 F.2d 729, 734-35. In *Meyers*, the plaintiff's treating physicians gave opinions regarding the cause of plaintiff's injuries for the purpose of litigation. No evidence was produced to demonstrate that the physicians "previously considered or determined the cause of Meyers's injuries during the course of treatment." *Id.* at 735. The Seventh Circuit determined that the treating physicians, as causation experts, failed to provide reports in accordance with Rule 26(a)(2)(B). Thus, the court held that the district court did not abuse its discretion in excluding their expert testimony. *Id.*

Here, the Defendant's experts were not disclosed before the Court's September 6, 2011, deadline for disclosure of expert reports by Defendant, or before the September 30, 2011, deadline for the close of all discovery. The late disclosure was prejudicial because Plaintiff had no opportunity to obtain any discovery on the expert testimony, nor to find rebuttal experts prior to the dispositive motion deadline of October 14, 2011. Defendant argues that his disclosures were made before 90 days from the date set for trial, therefore they were timely under the rule. This argument is meritless. The rule clearly intends for the parties to follow the deadlines set by the Court for disclosure, and in the absence of such deadlines, disclosures must be made at least 90 days before trial. In this case, there was a scheduling order in place, so the 90-day rule does not apply. Furthermore, the timing of the disclosures a mere two days before the deadline for the

3

filing of dispositive motions leads the Court to believe the Defendant's late filing was the result of gamesmanship, that is, an attempt by Defendant to be able to use his fact witnesses as experts without allowing Plaintiff to conduct expert discovery or find rebuttal experts.

The Court also finds that Defendant's experts should have provided written reports. Defendant's disclosures state specifically that each witness will testify as to issues addressed in his or her deposition, the medical records of the Plaintiff, causation, and damages.[1] The Seventh Circuit's opinion in *Meyers* contemplates that treating physicians presenting opinions on causation of an injury where a determination of cause was not necessary during the course of treatment must submit expert reports under Rule 26(a)(2)(B) stating their opinions and the basis and reasons for those opinions. Defendant makes no argument that a determination of causation was necessary to treat Plaintiff. Absent such a showing, the Court agrees that opinions as to causation by a treating physician require submission of expert reports showing the basis and reasons for their opinions.

Having found that Defendant's expert disclosure was untimely and prejudicial to Plaintiff, and that Defendant's experts should have submitted expert reports, the Court now turns to the consequences for untimely disclosure and failure to provide expert reports. Under Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." The Court finds that Defendant's untimely disclosure and failure to provide reports was harmful to the Plaintiff. Plaintiff had no opportunity to conduct discovery on the experts' opinions or to find rebuttal experts. According to the Seventh Circuit, "[t]he purpose of the [expert] report is to provide

---

[1] Dr. Chapman will also testify as to the Plaintiff's prognosis.

adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response. *Meyers*, 619 F.3d at 734 (citing *Walsh v. Chez*, 583 F.3d 990, 993 (7th Cir. 2009)).  Because no reports were provided, Plaintiff was given no notice of the opinions to be expressed by the expert witnesses, nor the basis and reasons for those opinions. The testimony of the experts as to causation and damages, therefore, would come as a surprise to Plaintiff at trial.

Defendant argues that the Plaintiff deposed each of the witnesses during fact discovery. Thus, Plaintiff has had an opportunity to explore the testimony of each witness.  The Court does not find this to be substantial justification for the late disclosure and failure to provide expert reports.  As the Court pointed out in *Musser*, an opposing party "should not be made to assume that each witness disclosed . . . could be an expert witness at trial." *Musser*, 356 F.3d at 757.  Had Plaintiff known that each of these fact witnesses would serve as an expert witness, he could have employed "countermeasures" specific to expert witnesses, such as "attempting to disqualify the expert . . . , retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report." *Id.* at 758.

Accordingly, the Court finds that Defendant's untimely disclosure and failure to produce expert reports was neither harmless nor substantially justified.  Therefore, pursuant to Rule 37(c) the expert witness disclosures by Defendant on October 12, 2011, are **STRICKEN**.  Defendant Chapman and witnesses Henderson, Feinerman, Pollin, Thompson, and Gustave will be allowed to testify at trial only as fact witnesses.  They will not be allowed to testify as to their opinions on causation or damages.

CONCLUSION

Therefore, based on all the foregoing, Plaintiff's Motion to Strike Defendant's Disclosure of Witnesses to Testify Under Federal Rule of Evidence 702, 703, or 705 (Doc. 76) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: November 7, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**